# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

Corval Constructors, Inc. f/k/a
NewMech Companies, Inc.,

                    Plaintiff,

                                                      Civ. No. 10-2079 (RHK/SRN)
                                                      **ORDER**

v.

InEnTec Chemical Midland, LLC f/k/a
Midland Chemical Conversion, LLC; and
InEnTec, LLC,

                    Defendants.

---

      This matter is before the Court *sua sponte*.

      Invoking diversity jurisdiction under 28 U.S.C. § 1332(a)(1), Plaintiff Corval Constructors, Inc. ("Corval") commenced this action against InEnTec Chemical Midland, LLC ("ICM") and InEnTec, LLC ("InEnTec"), alleging claims for (*inter alia*) breach of contract and unjust enrichment. The Complaint alleges that ICM is "a Delaware limited liability company with business offices located at 1845 Town Center Boulevard, Suite 550, Fleming Island, Florida" and that InEnTec is "a New York limited liability company with business offices located at 595 SW Bluff Drive, Suite B, Bend, Oregon." (Compl. ¶¶ 2, 4.) No further allegations regarding the citizenship of ICM or InEnTec are found in the Complaint.

      It is well-established that a limited liability company's citizenship is determined by that of its members. E.g., OnePoint Solutions, LLC v. Borchert, 486 F.3d 342, 346 (8th

Cir. 2007); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 829 (8th Cir. 2004). Here, the Complaint is utterly silent as to the citizenship of ICM's and InEnTec's members – indeed, it does not even state who those members are. As the party invoking the Court's jurisdiction, it is Corval's burden to plead the existence of diversity jurisdiction. E.g., Walker v. Norwest Corp., 108 F.3d 158, 161 (8th Cir. 1997). Doing so requires it to plead "with specificity the citizenship of the parties," and hence the citizenship of each of Defendants' members. Barclay Square Props. v. Midwest Fed. Sav. & Loan Ass'n of Minneapolis, 893 F.2d 968, 969 (8th Cir. 1990).

Because Corval has failed to properly allege Defendants' citizenship, it has not satisfied its burden of establishing diversity jurisdiction. Based on the foregoing, **IT IS ORDERED** that Corval shall redress the deficiencies set forth above on or before June 3, 2010, or the Court will dismiss this action for lack of subject-matter jurisdiction.[1]

Date: May 20, 2010

                                                            s/Richard H. Kyle
                                                            RICHARD H. KYLE
                                                            United States District Judge

---

[1] Corval should not be heard to complain that it lacks sufficient information at this juncture to adequately allege the citizenship of Defendants' members. A plaintiff must have a good-faith basis to invoke diversity jurisdiction, see Fed. R. Civ. P. 11, and hence courts routinely require plaintiffs, at the pleading stage, to adequately allege the citizenship of a defendant LLC's members. See, e.g., In re Arbitration Between Wells Fargo Bank, N.A. and WMR e-PIN, LLC, Civ. No. 08-5472, 2008 WL 5110204 (D. Minn. Nov. 26, 2008) (Ericksen, J.); Osborn & Barr Commc'ns, Inc. v. EMC Corp., No. 4:08-CV-87, 2008 WL 341664 (E.D. Mo. Feb. 5, 2008); Goodwin v. Wachovia Sec., Civ. No. 3:05-371, 2007 WL 1959261 (W.D.N.C. July 5, 2007).